**Pricing of Wine and Distilled Spirits**

CREAMER, Attorney General, April 27, 1972.—You have requested our advice as to whether or not the present retail pricing policy of the Liquor Control Board which dates back to September 16, 1955, when the board imposed a 58 percent markup on wines but only a 48 percent markup on distilled spirits, is a proper legal exercise of the powers delegated by the General Assembly to the board in section 207(b) of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §2-207(b).

In order to interpret the provisions of section 207 of the Liquor Code pertaining to the price at which the board shall sell "liquors," it is necessary to determine the meaning of "liquors" as used in the Liquor Code.

Section 102, 47 PS §1-102, defines "liquor" as follows:

" 'Liquor' shall mean and include any alcoholic, spirituous, *vinous*, fermented or other alcoholic bev-

erage, or combination of liquors and mixed liquor a part of which is spirituous, *vinous*, fermented or otherwise alcoholic, including all drinks or drinkable liquids, preparations or mixtures, and reused, recovered or redistilled denatured alcohol usable or taxable for beverage purposes which contain more than one-half of one per cent of alcohol by volume, except pure ethyl alcohol and malt or brewed beverages." (Italics supplied.)

Although the Liquor Code does not specifically define the word "wine," the word "vinous" used in section 102 means wine. Therefore, it is clear from the above that all types of wine, rum, cordials, brandy and other alcoholic beverages sold in State Stores are included in the word "liquor" for the purposes of the Liquor Code.

The pertinent provisions of section 207, 47 PS §2-207(b), are as follows:

"Under this act, the board shall have the power and its duty shall be:

" . . .

"(b) . . . to fix the wholesale and retail prices at which liquors and alcohol shall be sold at Pennsylvania Liquor Stores: Provided, That in fixing sale prices, the board shall not give any preference or make any discrimination as to classes, brands or otherwise, except where special sales are deemed necessary to move unsaleable merchandise, or except where the addition of a service or handling charge to the fixed sales price of any merchandise in the same comparable price bracket, regardless of class, brand or otherwise, is, in the opinion of the board, required for the efficient operation of the State store system . . ."

In view of section 102, we see no significant distinction between the phrase "liquors and alcohol" and the word "liquors" as used in section 207. It is apparent

from an analysis of section 207 that the various types of liquors, including all wine and distilled spirits, sold in State Stores constitute classes of "liquor" for the purposes of the Liquor Code. Therefore, in fixing sales prices the board may not give preference or discriminate among such classes unless one of the exceptions set forth in section 207 applies.

The exceptions are as follows:

(1) Items for which special sales are necessary to move unsaleable merchandise and; (2) items for which additional charges to regular prices are necessary to cover service or handling changes. Clearly the first exception would not justify a different markup for distilled spirits (48 percent) and wine (58 percent), since we are not dealing with "unsaleable" items for which special price reductions might be necessary.

Turning to the second exception, we note that nothing has come to our attention that indicates that a special service or handling charge has been, or is now being, charged for wine by the board. In fact, it should be noted that a bottle of wine and a bottle of distilled spirits are treated in exactly the same way: both come packed by the case in fifth of a gallon, quart or half gallon bottles and are stored similarly on the shelves.

Furthermore, the exceptions concerning service or handling charges is limited ". . . to merchandise *in the same comparable price bracket* . . ." (Italics supplied.) Some wines are now equally, if not more, expensive than various brands of distilled spirits, such as vodka, gin or Canadian whiskey. The statute clearly mandates that any markup which is imposed on wine must be imposed on all merchandise in the same price range.

On August 18, 1955, former Attorney General Herbert B. Cohen issued an informal opinion (No. 1481), authorizing certain service charges to be added to the

price of vinous products as long as the same charge was made ". . . for all merchandise in the same comparable price bracket, regardless of class, brand or otherwise." The price bracket involved was the 69 cents per bottle range. We agree with the opinion to the extent it required uniformity within a given price class.

However, the opinion of former Attorney General Cohen also suggests that the imposition of a service charge is justified merely to increase profits and without any consideration being given to the actual cost of handling the merchandise in question.

We are unable to agree with that proposition. Raising liquor prices, and even more importantly, raising the markup on liquor, are extreme measures to be undertaken only if justified by substantial documented evidence, including a meaningful attempt to reduce costs. In this day when prices continue to spiral upward, the consumer's interest in obtaining reasonably priced liquor is the paramount concern. Consequently, the statutorily imposed requisites of uniformity should not be used as support for elevating all prices to the 58 percent markup on wine; rather the markup on wine should be reduced at least to 48 percent, and it is our recommendation that all prices on distilled spirits and wine together be substantially reduced.

Therefore, you are advised that the present retail pricing policy of the Liquor Control Board which imposes a 58 percent markup on wines but only a 48 percent markup on distilled spirits is not in accordance with the requirements of section 207(b) of the Liquor Code in that the board may not differentiate among its merchandise by ". . . classes, brands, or otherwise . . .". Distilled spirits and wine sold in State Stores must be priced in a uniform manner. Even if the markup is intended to be a service charge, to im-

pose a different markup on wine without imposing a similar charge on other merchandise in the same price range constitutes an improper exercise of the board's discretion.